**Herman Marion LOCKEN, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21478.**

United States Court of Appeals
Ninth Circuit.

Sept. 26, 1967.

David K. Yamakawa, Jr., San Francisco, Cal., for appellant.

Eugene G. Cushing, U. S. Atty., Gerald W. Hess, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BROWNING and ELY, Circuit Judges, and BELLONI, District Judge.

PER CURIAM:

For his alleged participation in a bank robbery, appellant was indicted under 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(b). A jury trial resulted in his conviction on both charges, and he appeals. We reverse.

Numerous errors are specified. They were committed by counsel, not the court. Considered separately, no one of them would require reversal. Considered as a whole, they do. The district judge struggled mightily to conduct the trial proceedings in a manner comporting with traditional ideals of federal justice. He was thoroughly frustrated. The trial became disordered, confused, and undignified.

The admitted robber, one Kidd, testified that appellant did not participate in the planning or commission of the robbery and that he did not drive the automobile by which Kidd made temporary escape. The prosecution undertook to prove the contrary, principally by oral declarations which government witnesses testified that the appellant and Kidd had made. As these witnesses were examined,

the prosecuting attorney repeatedly suggested his desired answers. Time after time, objections to the leading questions were sustained, yet the prosecutor persevered. Ultimately, the court was required to find him contemptuous, stating "you have constantly and continuously engaged in this leading question business after I have repeatedly warned you and warned you and warned you. You leave me no alternative."

The Government sought to introduce evidence of oral statements claimed to have been made by Kidd approximately six months before the date of the robbery. When inquiry concerning these statements was directed to one witness, the court sustained appellant's objection. The ruling was apparently based upon the fact that since the accused was not shown to have been then connected with the declarant, the proposed evidence was immaterial and prejudicial. The prosecutor persisted, attempting, thereafter, to elicit the same rejected evidence from two additional witnesses. The attempts were made in the presence of the jury. The import of the excluded testimony was again suggested and emphasized. The defense moved for a mistrial. In the light of subsequent events, it is regrettable that the motion was not granted.

In his closing argument, the prosecutor improperly expressed his own personal opinion, unsupported by evidence, as to Kidd's motivation in undertaking to exculpate the appellant. Moreover, he misquoted evidence, stating, in effect, that a witness Crippen had testified that Kidd had told her that he *and appellant* had committed the robbery. She did not so testify. She testified only that Kidd had told her that someone, unidentified, was with him when the robbery occurred.

This severely prejudicial misrecollection and misstatement, absent objection, would not, of itself, necessitate a retrial. We are unable to perceive why objection was not made by the appellant's trial counsel. He does not represent the appellant here. He requested no jury instructions, not even that which would have admonished the jury to view evidence of oral declarations with caution.

In post-conviction proceedings, the district judge expressed agreement that the prosecution's case "wasn't * * * very strong * * *." This truth strengthens our opinion that a conviction resting upon the cumulative effect of many prejudicial irregularities should not stand.

Reversed and remanded.